SENTELLE, Senior Circuit Judge,
dissenting:
It is not substantially justifiable for an agency to persistently prosecute citizens for violating a regulation that does not exist. Contractor’s Sand & Gravel, Inc. v. Fed. Mine Safety & Health Review Comm’n, 199 F.3d 1335, 1341 (D.C. Cir. 2000).
No matter how many times I review the administrative record, it appears to me each time that the Food Safety and Inspection Service (“Service”) is sanctioning United Source One, Inc. for violating the rule against using the original establishment number without the permission of the original establishment. The difficulty is there is no such rule. As the majority correctly notes, “[l]egislative rules have the ‘force and effect of law5 and may be promulgated only after public notice and comment.” Maj. Op. at 717 (citing Nat’l Min. Ass’n v. McCarthy, 758 F.3d 243, 250 (D.C. Cir. 2014)). The majority does not explain how an agency position mandating conduct on the part of a regulated entity can be something other than a legislative rule or how such a rule can come into existence without notice and comment.
The majority justifies its affirmance of the Service’s decision by saying that “no new rule was promulgated here.” Maj. Op. at 717. Again, I do not understand the majority’s formulation. There is no record of any previous mandate that a re-boxer of meat must obtain the permission of the original establishment before using the original establishment number. If this is not a new rule, I know not what is. Indeed, even if there were such a record of enforcement, but no record of notice and comment proceedings, I would fail to see how such a rule could exist. At some point, whether in this proceeding or some prior one, the rule has been “new.” Whenever it became new, it needed the proper procedures mandated by the Administrative Procedure Act in order to come into existence. See generally 5 U.S.C. §§ 553, 556-57.
The Service attempts to circumvent the difficulties of the lack of adoption of the rule by re-boxing the violation as a “mislabeling.” It is mislabeling, the Service tells us, because it might improperly cause the ultimate consumer to believe that the shipper had complied with the rule requiring it *719 to obtain permission from the original establishment. But if there is no such rule, then there is no misleading. The Service does not contend, nor is there any evidence, that United Source One obtained the meat anywhere other than the original establishment. The re-boxing by the Service as a labeling violation rather than a violation of conduct does not cure the defective source of the nonexistent regulation.
It may well be that the Service is correct that such a rule would be a good one. But that does not mean that it exists or that the Service has the authority to create it without following the process mandated by the Administrative Procedure Act. It seems to me a giant step in the progress of the administrative state to permit agencies to enforce regulations that do not exist against regulated entities. I know of no case in which we have previously permitted this. Indeed, in the closest I find, Contractor’s Sand and Gravel, supra, we expressly held that an agency could not enforce nonexistent regulations. 199 F.3d at 1341. In that case, there was a regular tion requiring the grounding of regulated equipment. The Mine Safety and Health Administration (“MSHA”) cited a mine company for not using the MSHA’s preferred method of grounding. See id. at 1336-38, 1341. The difficulty there was, though there was a regulation, it did not require a particular method of grounding. Like the Service in the present case, the MSHA offered good reasons why its decision to require certain conduct was a sound one. We held that the agency’s position not only did not provide a sufficient foundation to enforce its decision, but also did not even pass the more forgiving standard of the Equal Access to Justice Act that the government could be hable for litigation expenses where its conduct was not substantially justified. See id. at 1340-42. We further advised the Secretary of Labor that if the reasons for the nonexistent rule are good ones, then “it is time for the Secretary to repair to rulemaking, not to bring one more unsupportable citation.” Id. at 1342.
Were I writing for the majority rather than in dissent, I would suggest in this case. that if there is a good reason for requiring the secondary shipper to obtain the permission of the original establishment for the use of its number, then it is time for the Secretary of Agriculture to repair to the process of rulemaking.
I respectfully dissent.